UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **STANIKA JACKSON** | ) | **CASE NO. 1:10CV763** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, recommending that Defendant's decision be affirmed. For the reasons set forth below, the Court rejects the Magistrate Judge's Report and Recommendation in part, and remands this case for further proceedings consistent with this opinion.

**I. BACKGROUND**

The procedural history and facts presented by the Magistrate Judge's Report and Recommendation have not been objected to and will be used in part to establish the facts and circumstances pertaining to this case. (Doc. No. 26 at 1-12.)

On July 28, 2005, Plaintiff, Stanika Jackson ("Plaintiff"), applied for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 416(i), and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 423 and 1381(a), alleging disability as of August 31, 2002. (Doc. No. 26 at 1.) Plaintiff was 26 years old at the alleged onset of disability. *Id.* at 2. She has a high school education and has past work experience as a barmaid and nurse's aide. *Id.*

Plaintiff first visited South Pointe Hospital on April 25, 2003. *Id.* at 3. Since that visit, Plaintiff has endured several medical complications and procedures. *Id.* at 3-12. Plaintiff has specifically suffered from a number of medical problems, including abdominal problems, hernias, complications from surgery, intestinal problems, and a buildup of scar tissue. *Id.*

Plaintiff's claim for DIB and SSI was denied initially on January 31, 2006, and upon reconsideration on November 16, 2006. *Id.* Plaintiff timely requested an administrative hearing on December 1, 2006. *Id.*

On April 24, 2007, Plaintiff submitted for the first time evidence of psychological impairments. *Id.* at 2. This evidence included records from South Pointe Hospital relating to a behavioral evaluation of Plaintiff on November 30, 2006, psychological progress notes from December 1, 2006 through March 1, 2007, and notes from a psychiatric therapy session on April 19, 2007. *Id.* Plaintiff later submitted notes from a second psychiatric therapy session held on February 12, 2008. *Id.*

Administrative Law Judge Stephen M. Hanekamp ("ALJ") held a hearing on June 17, 2008. *Id.* Plaintiff was represented by counsel at the hearing, and she testified on her own

behalf.  *Id.*  Gene Burkhammer testified as a vocational expert ("VE").  *Id.*  The ALJ did not solicit the testimony of a medical expert regarding Plaintiff's psychological limitations.  *Id.*

Plaintiff testified that she lived with her two daughters, ages 15 and 10, in a three bedroom house.  *Id.* at 12.  Her daughters did the household chores, for the most part.  *Id.*  She said that she had difficulty being around other people and "just didn't really care to be bothered with anybody."  *Id.*  Plaintiff stayed in her room during the day because she did not want to be around other people, and she got rid of the couches in her house because she did not want to have company.  *Id.*  Her regular visitors consisted of her mother, her two brothers, and three friends.  *Id.*  Plaintiff further testified that she had suicidal thoughts and did not handle stress well, particularly family-related stress.  *Id.*  She also testified that her antidepressants helped a little.  *Id.*

During the VE's testimony, the ALJ asked the VE to assume a younger individual with a high school education and Plaintiff's past work experience who could function at the light level, lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk with normal breaks for six hours out of an eight-hour workday, and was limited to simple and repetitive tasks, no contact with the general public, and limited contact with fellow employees.  *Id.* at 12-13.  The ALJ then asked if such an individual would be able to perform Plaintiff's past work, and the VE opined that the individual could not.  *Id.* at 13.  When asked, the VE testified that such an individual could perform work in the national economy, including a housekeeping cleaner and production assembler.  *Id.*  According to the VE, such jobs would permit no more than two days' absence a month.  *Id.*  The VE added that if Plaintiff were unable to begin work before 8:00 p.m., the number of jobs would be reduced by

half. *Id.* When the ALJ asked the VE to assume the same individual but limited to sedentary work and asked if there were any jobs in the national economy for such an individual, the VE said that there were. *Id.*

The ALJ issued a decision on October 15, 2008 in which he determined that Plaintiff is not disabled. *Id.* at 2. When the Appeals Counsel declined further review on July 29, 2009, the ALJ's decision became the final decision of the Commissioner. *Id.*

On April 13, 2010, Plaintiff filed a petition for judicial review in district court pursuant to 42 U.S.C. § 405(g). *Id.* at 2. The case was assigned to a Magistrate Judge who on July 20, 2011, filed her Report and Recommendation. (Doc. No. 26.) The Magistrate Judge recommended that the decision of the Commissioner be affirmed. *Id.* at 23. On August 5, 2011, Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation. (Doc. No. 28.)

## II. LAW AND ANALYSIS

### A.     Civil Rule 72(b) Standard

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), the District Court shall review *de novo* any finding or recommendation of the Magistrate Judge's Report and Recommendation that has been specifically objected to. Failure to make a timely objection to any aspect of the Report and Recommendation may waive the right to appellate review of the District Court's order. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Local Rule 72.3(b) contains in pertinent part:

4

> The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

### B. Standard of Review for Administrative Law Judge Findings

The findings of the ALJ in a social security hearing, if supported by substantial evidence, are conclusive. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("The [ALJ's] decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. at 401. It consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. at 401.

### C. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation

#### 1. The Magistrate Judge's Finding that the ALJ Did Not Err in the Formulation of His Controlling Hypothetical Question and RFC

Plaintiff's first objection is that the Magistrate Judge erred in finding that the ALJ did not err in the formulation of his controlling hypothetical question and his assessment of Plaintiff's residual functional capacity ("RFC"), and that the ALJ's decision that Plaintiff is

not disabled is therefore not supported by substantial evidence. (Doc. No. 28 at 2-6.) Whether a claimant has a disability is based on the ALJ's five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). In evaluating whether a claimant is disabled, the ALJ determines in sequence: (1) whether the claimant is engaging in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in the regulations; (4) the claimant's residual functional capacity and whether the claimant has the capacity to perform her past relevant work; and (5) whether the claimant can perform other work in the national economy. *Id.*

In step four of the ALJ's five-step sequential evaluation process to determine whether a claimant has a disability, the ALJ assesses the claimant's RFC and whether the claimant has the capacity to perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4). The RFC is the most an individual can do despite his or her limitations. 20 C.F.R. § 416.945(a)(1). The RFC thus exists to describe a person's abilities, i.e., what they can and cannot do, not their maladies. *See Howard v. Comm'r Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

In step five of the ALJ's five-step sequential evaluation process to determine whether a claimant has a disability, the ALJ considers the claimant's RFC as well as the claimant's age, education, and past work experience to see if the claimant can make an adjustment to other work. 20 C.F.R. § 404.1520(a)(4). The Commissioner has the burden of proof at step five to prove that there is work available in the economy for the claimant. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). The Commissioner may rely on the testimony of a Vocational Expert ("VE") in response to a hypothetical question to establish whether a

substantial amount of jobs exist in the economy that the claimant can fulfill. *Varley v. Sec'y of Health & Human Serv.*, 820 F.2d 777, 779 (6th Cir. 1987). In order for a VE's testimony in response to a hypothetical question to be substantial evidence in support of an ALJ's opinion denying benefits, the question must accurately encompass a claimant's physical and mental limitations. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (holding that enumerated medical ailments are unnecessary in a hypothetical posed to a VE). The only limitations that need to be included however, are the ones that the ALJ finds "credible." *See Infantado v. Astrue*, 263 Fed.Appx. 469, 477 (6th Cir. 2008) (citing *Casey v. Sec'y of Health and Human Serv.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

In the ALJ's assessment of Plaintiff's RFC and formation of the controlling hypothetical question, the ALJ reviewed Plaintiff's physical and mental impairments and concluded that Plaintiff was limited to performing simple, routine tasks that do not involve contact with the general public and brief, superficial contact with coworkers and supervisors. (Doc. No. 26 at 22.) In making this determination, the ALJ carried out a detailed assessment and concluded, "There is nothing in the record that convinces me that any further reduction in the residual functional capacity I have assessed would be justified."

Plaintiff argues that the ALJ's finding that Plaintiff's depression resulted in moderate difficulties with concentration, persistence, and pace required him to include additional limitations in Plaintiff's RFC and to articulate a more restrictive hypothetical question to the VE than he did. (Doc. No. 26 at 21.) Plaintiff, however, fails to provide evidence showing that the RFC and controlling hypothetical inadequately described Plaintiff's mental limitations. (Doc. No. 26 at 22-23.) Plaintiff additionally fails to provide evidence

suggesting that she has speed- or pace-based restrictions. *Id.*

Plaintiff cites *Ealy v. Comm'r of Social Sec.*, 594 F.3d 504 (6th Cir. 2010), in support of her contention that limiting a claimant to "simple, repetitive tasks" does not adequately address moderate difficulties with concentration, persistence, and pace. (Doc. No. 28 at 2.) Plaintiff argues that the *Ealy* holding applies to all cases wherein an ALJ finds that a claimant has moderate limitations in his or her concentration, persistence, and pace. *Id.* Plaintiff's argument, however, is not supported by *Ealy*. (Doc. No. 26 at 22.) *Ealy* does not require further limitations in addition to limiting a claimant to "simple, repetitive tasks" for every individual found to have moderate difficulties in concentration, persistence, or pace. *See Ealy*, 594 F.3d 504. Instead, *Ealy* stands for a limited, fact-based, ruling in which the claimant's particular moderate limitations required additional speed- and pace-based restrictions. *See Id.* In *Ealy*, the claimant presented evidence from the record that showed the claimant's limited ability to maintain attention over time, even when performing simple, repetitive tasks. *See Id.* Here, unlike *Ealy*, Plaintiff refers to no record evidence to suggest that she had any greater limitations than those identified by the ALJ. (Doc. No. 26 at 22-23.)

The Magistrate Judge properly concluded that the ALJ's decision was supported by substantial evidence. *See Lewicki v. Comm'r of Soc. Sec.*, No. 09-11844, 2010 WL 3905375, at *3 (E.D. Mich. Sept. 30, 010) (upholding ALJ's hypothetical question that limited a claimant with moderate deficiencies of concentration, persistence, or pace to simple unskilled work where the claimant failed to explain why the facts of his particular case required a more detailed hypothetical question to adequately account for his own moderate limitations in concentration, persistence, or pace). Plaintiff has not shown any error in the ALJ's

hypothetical question posed to the vocational expert nor has she made any showing that the ALJ's residual functional capacity finding was inadequate. (Doc. No. 26 at 22-23.) For the reasons set forth above, the Court adopts the Magistrate Judge's Report and Recommendation with respect to Plaintiff's first objection.

> 2. **The Magistrate Judge's Finding that the ALJ Did Not Err in Evaluating Plaintiff's Case at Step Three and Step Four of the Five-Step Sequential Evaluation Process**

Plaintiff's second objection is that the Magistrate Judge erred in finding that the ALJ did not err in evaluating Plaintiff's case at step three and step four of the ALJ's five-step sequential evaluation process to determine whether Plaintiff had a disability. (Doc. No. 28 at 6-9.) Plaintiff argues that because the ALJ failed to obtain a psychiatric/psychological opinion regarding Plaintiff's mental impairment, the ALJ's conclusions at steps three and four are unsupported by substantial evidence and invalid. (Doc. No. 28 at 8.) Plaintiff refers to Social Security Ruling 96-6p for support and argues that the ALJ was required to either call a medical expert, send her for a consultive examination, or refer her case back to the State agency for consideration of the additional evidence and an assessment as to whether her condition met/equaled a listing and to determine her mental RFC. *Id.* at 8-9.

For the first time and at the ALJ level, Plaintiff asserted her claim that she was disabled due to depression. (Doc. No. 26 at 16.) Plaintiff originally did not include depression among her impairments when applying for benefits in July, 2005, nor did she allege a mental impairment at the initial and reconsideration levels. *Id.* at 1-2. Plaintiff first submitted evidence of mental impairments to the ALJ in April, 2007. *Id.* at 2.

On June 17, 2008, the ALJ held a hearing and reasonably determined at step two of his

analysis that Plaintiff experienced severe impairments including depression. *Id.* at 14. At step three of his analysis, the ALJ determined that Plaintiff's depression did not meet any medical listings at 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04. *Id.* The ALJ did not consult with a medical expert to assist in evaluating Plaintiff's mental impairment. *Id.* at 2. The ALJ also assessed Plaintiff's RFC at step four without the assistance of a mental health professional. *Id*. at 14-15.

The Commissioner argues that the ALJ was not required to consult with a mental expert and that the ALJ has discretion whether to consult a medical expert to ascertain a claimant's mental limitations when the claimant raises a claim of disability for the first time with the ALJ. (Doc. No. 29 at 6.) Although a judge generally has discretion whether to consult a medical expert to ascertain a claimant's medical limitations, the Sixth Circuit has recognized an obligation to consult with a medical expert in certain circumstances. *Owen v. Chater*, No. 96-5571, 1997 WL 251918, at *4 (6th Cir. May 13, 1997). Where a claim of mental impairment arises for the first time in proceedings before the ALJ, the ALJ has an obligation to consult a mental health expert if the claimant brings forth sufficient evidence to raise an inference that he or she suffers from a mental impairment. *Id.*

In the present case, the ALJ reasonably determined at step two of his analysis that Plaintiff experienced severe impairments, including depression. (Doc. No. 26 at 14.) Because the ALJ found that Plaintiff experienced a severe mental impairment, the ALJ was required to consult a mental health expert to determine at step three whether Plaintiff's depression met any medical listings at 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04 and at step four to determine Plaintiff's RFC. *See Owen*, 1997 WL 251918, at *4. The ALJ, however,

did not consult a mental health expert.  (Doc. No. 26 at 16.)  The Magistrate Judge therefore, erred in finding that the ALJ did not err in failing to elicit a medical opinion regarding Plaintiff's mental impairment.  For the reasons set forth above, the Court rejects the Magistrate Judge's Report and Recommendation with respect to Plaintiff's second objection and remands this case for further fact-finding and analysis.

### III. CONCLUSION

For the above reasons, the Court rejects the Magistrate Judge's Report and Recommendation in part, and remands this case for a proper disability determination after obtaining a mental health expert's opinion regarding Plaintiff's mental impairment.

**IT IS SO ORDERED.**

**DATE: October 18, 2011**

 S/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**